IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY LYNN HARPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-360-E |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

AND NOW, this 22nd day of November, 2024, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 13) filed in the above-captioned matter on May 10, 2024,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 10) filed in the above-captioned matter on April 25, 2024,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.    Background**

Plaintiff Ashley Lynn Harper protectively filed a claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and a claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et*

1

*seq.*, claiming that she became disabled on August 1, 2018 due to a variety of impairments, including narcolepsy, depression, anxiety, attention deficit hyperactivity disorder, and post-traumatic stress disorder. (R. 17, 232-33, 255). After being denied initially on January 18, 2022, and upon reconsideration on July 11, 2022, Plaintiff sought a hearing before an Administrative Law Judge ("ALJ"). (R. 139-48, 156-63). After a hearing was held on December 8, 2022, ALJ Douglas Cohen denied Plaintiff's request for benefits in an unfavorable decision dated January 10, 2023. (R. 14-27). On October 26, 2023, the Appeals Council declined to review the ALJ's decision. (R. 1-6). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment. (Doc. Nos. 10, 13).

## II.   Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, *if supported by substantial evidence*, shall be conclusive'") (quoting § 405(g)) (emphasis in original); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence). The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). If the district court finds the Commissioner's findings of fact are supported by substantial evidence then it must uphold the Commissioner's final decision.

*See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour*, 806 F.2d at 1190-91.

"Substantial evidence" is defined as "more than a mere scintilla." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." *Id.* (internal quotations omitted). To facilitate the district court's review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06. Moreover, the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason[.]" *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. *See Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful

3

activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process in guiding ALJs in determining whether a claimant is under a disability as defined by the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity. *See id.* at §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the disability claim will be denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." *Id.* at §§ 404.1522, 416.922. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. *See id.* at §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

In considering these steps, the ALJ must formulate the claimant's residual functional capacity ("RFC"). A claimant's RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments. *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. §§ 404.1545(a), 416.945(a). In crafting the RFC, the ALJ must consider all the evidence in the

record. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). At Step Four, it is the claimant's burden of demonstrating an inability to perform his or her past relevant work. *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to the fifth and final step. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. *See id.* at §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the ALJ must consider the claimant's RFC, age, education, and past work experience. *See id.* The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. *See id.* at §§ 404.1523, 416.923.

### III. The ALJ's Decision

In his January 10, 2023 decision, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the amended onset date of April 30, 2021. (R. 20). The ALJ proceeded to the second requirement of the process and found that Plaintiff had several severe impairments: narcolepsy, irritable bowel syndrome, migraine cephalgia, Chiari malformation, major depressive disorder, generalized anxiety disorder, posttraumatic stress disorder, and attention deficit hyperactivity disorder. (*Id.*). The ALJ concluded that none of Plaintiff's impairments met any of the listings that would satisfy Step Three. (*Id.*).

At Step Four of the process, the ALJ found that Plaintiff retained the RFC to perform light work with the following limitations:

- No more than occasional balancing, crawling, crouching, kneeling, stooping, and climbing of ramps and stairs only;

- Avoid concentrated exposure to temperature extremes;
- Avoid all exposure to unprotected heights, dangerous moving machinery, commercial driving, and other workplace hazards;
- No exposure to noise intensity level 4;
- May not perform tasks requiring communication by telephone;
- Limited to jobs involving only simple tasks, decisions, and instructions that are not performed in a production-rate environment and where "simple" is defined as that term is used in the Dictionary of Occupational Titles describing specific vocational profiles (SVP) of 1 or 2;
- Limited to no more than occasional interaction with supervisors, coworkers, and members of the general public.

(R. 22). In determining this, the ALJ evaluated several medical opinions and found them to be "somewhat persuasive," stating that the RFC was "consistent with" the state agency medical and psychological consultants and that the ALJ "fails to find any diagnosis of arthropathies . . . [and] consider[ed] the claimant's Chiari malformation and narcolepsy to be severe and included an additional limitation on the claimant's communication due to her hearing testimony." (R. 25). Further, the ALJ found the opinion of the psychological consultative examiner "only somewhat persuasive because it appear[ed] to rely upon the claimant's subjective complaints which are not repeated to her treating provider." (*Id.*). The ALJ included no other analysis of these medical opinions. After finding that Plaintiff had no past relevant work, the ALJ proceeded to determine, at Step Five, that there were jobs in the national economy that Plaintiff could perform. (R. 26-27). Ultimately, the ALJ found that Plaintiff was not disabled. (R. 27).

**IV.    Legal Analysis**

Plaintiff raises one argument: the ALJ erred by failing to incorporate all of the limitations opined by the state agency review consultants after finding these opinions persuasive. More specifically, Plaintiff argues that the opined limitation to one-and-two-step tasks and short and simple instructions should have been included in Plaintiff's RFC. (Doc. No. 11). Although the Court disagrees with Plaintiff's argument that the ALJ *per se* erred by failing to incorporate the

specific limitations opined by these consultants, the Court agrees with Plaintiff to the extent that the ALJ inadequately explained the rationale behind his analysis of the state agency reviewing consultants' opinions for the reasons explained herein.  Accordingly, the Court cannot find the ALJ's decision to be supported by substantial evidence and finds that remand is necessary for further consideration and discussion of the medical opinions.

Plaintiff asserts the ALJ erred by not incorporating all limitations opined by the state agency review consultants, Drs. Emanuel Schnepp, Ph.D., and Susan Alexis Turner, Psy.D., after finding these opinions persuasive. (Doc. No. 11 at 3-9).  Plaintiff specifically contends that the ALJ's determination that these opinions were persuasive necessitates that all their opined limitations be incorporated into Plaintiff's RFC finding. (*Id.*).  While not precisely stated by Plaintiff,[1] related to this issue is whether the ALJ sufficiently evaluated the consultants' medical opinions. (*See id.*).

Perhaps not surprisingly, Defendant disagrees.  Defendant counters that the ALJ found the state agency review consultants' opinions to be only "somewhat persuasive" and thereby determined Plaintiff's RFC consistent with that finding. (Doc. No. 14 at 11-15).  Further, the ALJ's failure to include the opined limitation to one-and-two-step tasks and short and simple instructions is bolstered by the fact that Plaintiff's mental status exams were generally unremarkable. (*Id.* at 2, 13).  In sum, Defendant argues that the ALJ considered all of the relevant evidence and reached a logical RFC finding.

---

[1] While any arguments not raised in Plaintiff's initial brief are generally waived, *Santiago-Rivera v. Barnhart*, 2006 WL 2794189, at *2 n.5 (E.D. Pa. Sept. 26, 2006) (citing *Warren G. v. Cumberland Cnty Sch. Dist.*, 190 F.3d 80, 84 (3d Cir. 1999)), this issue will arise on remand and, therefore, will be addressed in this order.  *See Freeman v. Berryhill*, No. 16-2610, 2017 WL 1351425, at *5 n.5 (E.D. Pa. Mar. 23, 2017), *report and recommendation adopted by* 2017 WL 1375185 (E.D. Pa. Apr. 10, 2017) (stating "'[s]ocial security proceedings are inquisitorial rather than adversarial'. . . and given that the same issue will arise on remand, [the court] will address it here.") (internal citations omitted).

As noted, the RFC finding is defined as "that which an individual is able to do despite the limitations caused by his or her impairment(s)." *Fargnoli*, 247 F.3d at 40 (quoting *Burnett*, 220 F.3d at 121). An ALJ must consider all relevant evidence in determining an individual's RFC, and the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" *Fargnoli*, 247 F.3d at 41 (quoting *Cotter*, 642 F.2d at 704). This relevant evidence includes medical opinions of record. *See* 20 C.F.R. § 404.1520c, 416.920c. In evaluating these opinions, the ALJ assesses the persuasiveness by evaluating "the two most important factors[,]" which are "consistency and supportability." 82 Fed. Reg. at 5853. *See also* 20 C.F.R. §§ 404.1520c(b) and (c), 416.920c(b) and (c). After considering these factors, the ALJ makes a persuasiveness determination, which aides in the ultimate RFC finding. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). While it is not *per se* error for the ALJ to find a medical opinion persuasive and then not incorporate every limitation opined by that medical professional into the RFC, the ALJ must provide an adequate explanation of how he came to the specific RFC determination. *See Wilkinson v. Comm'r of Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014). Part of this explanation is an evaluation of these opinions, which includes analysis of the consistency and supportability factors. *See* 20 C.F.R. §§ 404.1520c(b) and (c), 416.920c(b) and (c).

Here, the ALJ acknowledged the state agency review consultants' opinions but failed to adequately analyze the consistency and supportability factors in relation to these opinions and, therefore, the ALJ's RFC finding is in error. To this point, the ALJ wrote only the following when analyzing all medical opinions of record, including the two opinions of the state agency psychologists:

> The undersigned has fully considered the medical opinions and prior administrative medical findings as follows: the opinions of the state agency

8

> medical and psychological consultants are somewhat persuasive and the assigned residual functional capacity is consistent with the same. (Exhibits B5A/6-9, B9A/6-10). The undersigned, however, fails to find any diagnosis of arthropathies. Nevertheless, the undersigned does consider the claimant's Chiari malformation and narcolepsy to be severe and included an additional limitation on the claimant's communication due to her hearing testimony. (Exhibits B5A/6-9, B9A/6-10). The opinion of the psychological consultative examiner is only somewhat persuasive because it appears to rely upon the claimant's subjective complaints which are not repeated to her treating provider. (Exhibit B17F/7-9, B20F/19-22).

(R. 25). While the ALJ mentioned that Plaintiff's RFC was "consistent" with the opinions of the state agency medical and psychological consultants, this did not constitute a sufficient consistency analysis. An adequate consistency and supportability analysis includes evaluation of the consistency between the medical source's opinion in relation to other evidence within the record and an analysis of the medical source's opinion in the context of the expert's articulated support for such opinion. *See Cook v. Comm'r of Soc. Sec.*, No. 6:20-CV-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021) (stating "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record."). In accordance with the applicable regulations, the ALJ will need to reconsider these opinions and articulate this analysis for each opinion on remand.

This all means that, at this point, the Court will leave it to the Commissioner to clarify the record as to the medical opinion analysis and the ultimate RFC determination, rather than attempt to divine the ALJ's intention itself.[2] It will therefore remand the case for further explanation as to the medical opinions.

---

[2] It is not the role of a reviewing court to look at the evidence and determine whether it would lead to the conclusions to which the ALJ came. *See Fargnoli,* 247 F.3d at 44 n.7 ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.") (quoting *SEC v. Chenery Corporation,* 318 U.S. 80, 87 (1943))

## V. Conclusion

In sum, the record does not permit the Court to determine whether the findings of the ALJ regarding Plaintiff's RFC are supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands the case to the Commissioner for reconsideration consistent with this Order.

s/Mark R. Hornak, J.<br>
United States District Judge

ecf:      Counsel of record